NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

23-322

STATE OF LOUISIANA

VERSUS

TANISHA RENEE CARRON

************

APPEAL FROM THE
FIFTEENTH JUDICAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 176059
HONORABLE ROYALE L. COLBERT, JR., JUDGE

************

**GUY E. BRADBERRY**
**JUDGE**

************

Court composed of Jonathan W. Perry, Ledricka J. Thierry, and Guy E. Bradberry, Judges.

**APPEAL DISMISSED. CASE REMANDED WITH INSTRUCTIONS.**

**Hon. Don Landry**
**District Attorney, Fifteenth Judicial District**
**P.O. Box 3306**
**Lafayette, Louisiana 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**


**Sherry Watters**
**Louisiana Appellate Project**
**P.O. Box 58769**
**(504) 723-0284**
**New Orleans, Louisiana 70158**
**COUNSEL FOR APPELLANT:**
     **Tanisha Renee Carron**

**BRADBERRY, Judge.**

On April 16, 2020, Defendant, Tanisha Renee Carron, was charged by bill of information with one count of attempted first degree murder, in violation of La.R.S.14:27 and 14:30. On August 23, 2021, Defendant plead nolo contendere to attempted first degree murder. Defendant's "Felony Incarceration Plea Form" indicates Defendant was to be sentenced to thirteen years at hard labor, without benefits; however, the trial court did not orally pronounce Defendant's sentence during sentencing on August 23, 2021.

On December 15, 2022, Defendant filed an application for post-conviction relief seeking an out-of-time appeal which was denied without reasons on December 19, 2022. On March 1, 2023, Defendant filed her "Motion Seeking an Out-of-Time Appeal in Lieu of Reinstating Appellate Rights" wherein she argued her plea of nolo contendere was not knowingly, intelligently, or voluntarily made; ineffective assistance of counsel for failing to file an appeal and for informing Relator that she had no right to appeal; her plea was accepted upon erroneous information; and she was unable to timely file an appeal due to the delays caused by COVID-19. On March 7, 2023, the trial court granted Defendant an out-of-time appeal and appointed the Louisiana Appellate Project as appellate counsel.

On May 19, 2023, this court lodged the appeal record. On May 22, 2023, this court issued a rule to show cause why the appeal should not be dismissed pursuant to La.Code Crim.P. art. 912(C)(1), as the transcript of sentencing did not clearly indicate that the trial judge imposed a sentence.

On June 12, 2023, Defendant timely e-filed a response to the rule to show cause wherein she acknowledges that the trial court failed to verbally pronounce the sentence on the record. As Defendant's sentence was not imposed in accordance

with La.Code Crim.P. art. 871(A), Defendant requests for the instant appeal to be dismissed and the case remanded to the trial court for the imposition of a sentence. Additionally, Defendant reserves her right to appeal the sentence imposed on remand, should the need arise.

As the trial court failed to orally impose Defendant's sentence, we find Defendant's appeal is not properly before this court. La.Code Crim.P. art. 912(C)(1). Therefore, we remand this case to the trial court to impose a sentence in accordance with La.Code Crim.P. art. 871(A).

**APPEAL DISMISSED. CASE REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.